IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLIOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA SANTIAGO, MATTHEW RYAN FITZGIBBONS, and WILLIAM SPREHE,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF CHICAGO,<br><br>    Defendant. | Case No. 22cv5827<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANTS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant City of Chicago ("City") hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. The City states the following as its grounds for removal:

1. The City is removing this case for the second time. After this Court remanded some of the original Plaintiff's claims back to state court because she lacked Article III standing to bring them (while retaining her claims over which the Court concluded it did have subject matter jurisdiction), she joined two new Plaintiffs in the state court proceeding. Those two new Plaintiffs have pleaded their own claims under federal law, providing a new basis for removal. *See Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 238 (7th Cir. 2021) ("Removal is not a one-shot proposition. A defendant may remove even a previously remanded case if subsequent pleadings or litigation events reveal a new basis for removal."). Promptly after removal, the City intends to seek severance and remand again of those claims over which this Court lacks original or supplemental jurisdiction under 28 U.S.C. § 1441(c)(2). *See Berquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) (noting need to remand certain claims while keeping others).

**BACKGROUND**

2. On June 11, 2019, Plaintiff Andrea Santiago filed a proposed class action complaint in the Circuit Court of Cook County, County Department, Chancery Division, captioned *Andrea Santiago v. City of Chicago.* The case was assigned Case No. 2019 CH 07023.

3. On July 11, 2019, the City removed the case to this Court, and it was docketed under Case No. 19 C 04652. Notice of Removal, *Santiago v. City of Chicago*, No. 19 C 04652 (N.D. Ill. July 11, 2019), ECF No. 1.[1]

4. On April 5, 2022, this Court issued an opinion in which it dismissed certain of Santiago's claims, retained certain of her claims, and remanded certain of her claims to state court. Specifically, with regard to the remanded claims, the Court concluded: "Counts 1, 3, 4, 6, 7, and 9 of [Santiago's Amended Complaint, ECF No. 124] are severed from the remaining claims and are remanded to the Circuit Court of Cook County due to lack of federal subject matter jurisdiction." Memorandum Opinion and Order at 15, *Santiago v. City of Chicago*, No. 19 C 04652, 2022 WL 1016611, at *7 (N.D. Ill. Apr. 5, 2022), ECF No. 131. The Court concluded that it lacked subject matter jurisdiction over these claims, and thus needed to remand them, after finding that Santiago lacked standing to bring the claims. *Id.* at 7-9, 13-15, 2022 WL 1016611, at *4-6, *7.

5. On April 6, 2022, the Clerk of Court transmitted a copy of the April 5 order to the Circuit Court of Cook County. Remand, *Santiago v. City of Chicago*, No. 19 C 04652 (N.D. Ill. July 11, 2019), ECF No. 132.

---

[1] Upon removal, Case No. 19 C 04652 was assigned to the Honorable Matthew F. Kennelly. On October 3, 2022, it was reassigned to the Honorable Nancy L. Maldonado. *See* Executive Committee Order: General Order 2209917, *Santiago v. City of Chicago*, No. 19 C 04652 (N.D. Ill. Oct. 3, 2022), ECF No. 162.

6. Since the April 5 remand, the case has proceeded simultaneously before this Court under Case No. 19 C 04652 on the counts that were not remanded or dismissed (Counts 5 and 8 of Santiago's amended federal complaint) and before Circuit Court of Cook County under Case No. 2019 CH 07023 on those claims that were remanded for lack of subject matter jurisdiction due to Santiago's lack of standing.

7. On September 21, 2022, the Circuit Court of Cook County (the Honorable Michael T. Mullen) entered an order, over the City's objections, granting Santiago's motion for leave to file an amended complaint in the state court matter. Order, *Santiago, et al. v. City of Chicago*, No. 2019 CH 07023 (Cir. Ct. Cook Cty. Sept. 21, 2022).

8. Also on September 21, 2022, Santiago—along with two new plaintiffs joined to these proceedings for the first time—filed an Amended Complaint in state court. Amended Complaint, *Santiago, et al. v. City of Chicago*, No. 2019 CH 07023 (Cir. Ct. Cook Cty. Sept. 21, 2022).

9. In the amended state court complaint, the two new plaintiffs, Matthew Ryan Fitzgibbons and William Sprehe, plead claims arising under the U.S. Constitution and the laws of the United States. Specifically, in Counts I and II, Fitzgibbons, Sprehe (and Santiago) each allege that the City violated their rights under the Due Process Clause of the Fourteenth Amendment through the method of pre-tow notice the City provided to them before their respective automobiles were towed and impounded for being in violation of the City's abandoned vehicle ordinance. Amended Complaint ¶¶ 59-68, *Santiago, et al. v. City of Chicago*, No. 2019 CH 07023 (Cir. Ct. Cook Cty. Sept. 21, 2022). Count I seeks declaratory relief and Count II seeks money damages under 42 U.S.C. § 1983. *Id.*

10. In the next two counts of the amended state court complaint, Fitzgibbons and Sprehe respectively plead Illinois common law causes of action, but invoke the Due Process Clause in doing so. In Count III, Fitzgibbons (and Santiago) plead claims for conversion based on allegations that the City towed and disposed of their vehicles "unlawfully and without due process." *Id.* ¶¶ 69-75. In Count IV, Sprehe pleads a claim for unjust enrichment in which he alleges that the City's acceptance of payments from him related to the tow of his vehicle "violate[s] the due process clauses of the United States and Illinois Constitutions" and are therefore "unconstitutional." *Id.* ¶¶ 76-80.

11. In addition to these claims invoking federal law, Santiago and Fitzgibbons raise several additional state law claims based on allegations about the disposal of their vehicles after they were not reclaimed following impoundment. In Count V, Santiago and Fitzgibbons plead a claim for declaratory and injunctive. *Id.* ¶¶ 81-84. In Count VI, Santiago and Fitzgibbons plead a claim for mandamus. *Id.* ¶¶ 85-86. In Count VII, Santiago and Fitzgibbons plead another claim for conversion. *Id.* ¶¶ 87-93. In Count VIII, Santiago pleads a third claim for conversion. *Id.* ¶¶ 94-100.

12. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders the City has received in the state court action are attached to this notice.

### REMOVAL IS PROCEDURALLY PROPER

13. On September 21, 2022, Plaintiffs filed, and the City received, the amended state court complaint which added Sprehe's and Fitzgibbons's federal law claims to Case No. 2019 CH 07023 for the first time. The City is filing this Notice of Removal within 30 days of receiving the amended complaint. Removal is therefore timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

14. Removal is proper under 28 U.S.C. § 1441(a), which authorizes removal of any action over which the federal courts have original jurisdiction. Plaintiffs Sprehe and Fitzgibbons set forth claims arising under the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. As such, federal question jurisdiction exists under 28 U.S.C. § 1331.

15. Venue is proper in this district and division because the Circuit Court of Cook County is located within the Northern District of Illinois, Eastern Division of the United States District Court. This venue is the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Promptly after filing this Notice of Removal, the City will provide written notice to Plaintiffs and file a copy the notice with the Clerk of the Circuit Court of Cook County, in accordance with 28 U.S.C. § 1446(d).

17. This Court has supplemental jurisdiction over a number of the state court claims pleaded by Plaintiffs in their amended state court complaint under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as their federal law claims and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

18. The City acknowledges that this Court lacks subject matter jurisdiction over some of the claims in Plaintiffs' amended state court complaint. Specifically, this Court already has concluded that it lacks subject matter jurisdiction over Santiago's claims challenging the pretow notice she was issued in relation to the tow of her vehicle because she lacks standing to raise those claims. Promptly following removal of this action, the City therefore intends to file a motion seeking the severance and remand of the claims over which this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1441(c)(2). *See Robert J. Caluda, APLC v. City of*

*New Orleans*, 403 F. Supp. 3d 522, 534 (E.D. La. 2019) (finding "entire action was properly removed under § 1441(c)(1)" because certain claims arose under federal law and that the court "must sever" and remand to state court other claims which were not within the court's original or supplemental jurisdiction); *see also Bolden v. Summers*, 181 F. Supp. 951, 954 (N.D. Ill. 2002) (noting removal of "entire case" is proper under § 1441(c), with potential remand of certain claims to follow).

19. If any questions arise as to the propriety of this removal, the City respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that this civil action be removed to the United States District Court for the Northern District of Illinois, Eastern Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date: October 21, 2022  Respectfully submitted,

CITY OF CHICAGO

By: /s/ Patrick Morales-Doyle

| | |
|---|---|
| Jennifer Zlotow (#6280106) | J. David Duffy (#6242374) |
| jennifer.zlotow@cityofchicago.org | dduffy@thompsoncoburn.com |
| City of Chicago Department of Law | Patrick Morales-Doyle (#6300364) |
| Constitutional and Commercial Litig. Div. | pmoralesdoyle@thompsoncoburn.com |
| 2 N. LaSalle Street, Suite 520 | Thompson Coburn LLP |
| Chicago, Illinois 60602 | 55 East Monroe Street, 37th Floor |
| (312) 744-0740/0897 | Chicago, Illinois 60603 |
| | (312) 346-7500 |

*Counsel for Defendant City of Chicago*

6

## **CERTIFICATE OF SERVICE**

Patrick Morales-Doyle, an attorney, certifies under penalty of perjury as provided under 28 U.S.C. § 1746 that he caused the **Notice of Removal** to be served upon the following counsel of record by email on October 21, 2022, and by regular mail by depositing same in the U.S. Mail at 55 East Monroe Street, Chicago, Illinois 60603, on October 21, 2022, with proper postage prepaid:

| | |
|---|---|
| Myron M. Cherry | mcherry@cherry-law.com |
| Jacie C. Zolna | jzolna@cherry-law.com |
| Benjamin R. Swetland | bswetland@cherry-law.com |
| Jeremiah Nixon | jnixon@cherry-law.com |
| Jessica C. Chavin | jchavin@cherry-law.com |

Myron M. Cherry & Associates LLCS
30 North LaSalle Street
Suite 2300
Chicago, IL 60602

/s/ *Patrick Morales-Doyle*